151 So. 474

### STATE v. RETAIL CREDIT CO.
### I Div. 114.

Court of Appeals of Alabama.
Nov. 7, 1933.

Rehearing Denied Nov. 21, 1933.

Thos. E. Knight, Jr., Atty. Gen., and Frontis H. Moore, Asst. Atty. Gen., and Wm. V. McDermott, of Mobile, for appellant.

569

Smith & Johnston, of Mobile, for appellee.

BRICKEN, Presiding Judge.

The state of Alabama instituted suit against the Retail Credit Company, a corporation, in the circuit court of Mobile county, to recover state and county licenses, taxes, and penalties for the fiscal years 1931 and 1932, under section 334 of the Revenue Code, which provides: "Each person, firm, corporation or association whose principal business is inquiring into and reporting upon the credit and standing of persons, firms, or corporations in this State, shall pay to the State a license of five hundred dollars, and shall also pay a license of fifty dollars to each county in which such person, firm, corporation or association maintains an office or established place of business," etc. Gen. Acts 1919, pp. 282, 395, § 361, schedule 32.

The appellee denied liability on two grounds: First, it claimed that it was not shown that it maintained an office in Mobile county; second, it claimed it was not shown that its principal business was "inquiring into and reporting upon the credit and standing of persons," within the meaning of said act.

The case was tried by the court without the intervention of a jury, and a judgment rendered for the state for $66.75, "being Mobile County privilege license for 1930–31 and penalties thereon."

It appears without dispute that the defendant rented an office in an office building in the city of Mobile, that was operated by one Wilhelm during the period for which license is sought to be collected. It also appears that the defendant furnished Mr. Wilhelm with supplies with which he operated said office and made reports. It appears without dispute that the personal business of Wilhelm was inquiring into and reporting on the credit and standing of persons, firms, or corporations in this state.

The facts and circumstances are sufficient, in our opinion, to show prima facie that Wilhelm was the appellee's agent and engaged in transacting business for it. Where the fact of agency is shown by independent evidence, direct or circumstantial, the declarations of an agent as to the nature and extent of his agency are admissible. Birmingham Mineral Railroad v. Tennessee Coal, Iron & Railroad Co., 127 Ala. 137, 28 So. 679.

Having shown, as we think the record discloses, that Wilhelm was engaged in the business of inquiring into and reporting upon the credit and standing of persons for the defendant during the fiscal year 1931, and it being shown that he continued in that line of business during the fiscal year 1932, the law presumes the continuance of the personal relation that was established by the evidence until the contrary is shown or until a different presumption is raised. Mid-Continent Life Ins. Co. v. Beasley, 202 Ala. 35, 79 So. 373.

The rulings of the court below conflict with the rule we have referred to. We are of the opinion that the judgment should be reversed, and the cause remanded, with instructions to the court below to render a judgment against appellee for the sum sued for.

Reversed and remanded, with instructions.